# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA BANK, FSB, a Federally Chartered Savings Bank,<br><br>Plaintiff,<br><br>v.<br><br>DANNY TARKANIAN, an individual; AMY TARKANIAN, an individual; JERRY TARKANIAN, an individual; LOIS TARKANIAN, an individual; GEORGE TARKANIAN, an individual; ZAFIR DIAMANT, an individual; JOSEHPINE DIAMANT, an individual; DOUGLAS R. JOHNSON, an individual; DEBRA R. JOHNSON, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | **13-mc-14 GSA**<br><br>**ORDER DENYING MOTION FOR CHARGING ORDER WITHOUT PREJUDICE**<br><br>**(Doc. 5)** |

## INTRODUCTION

On May 17, 2013, the Federal Deposit Insurance Corporation, as Receiver for La Jolla Bank, FSB ("FDIC-Receiver") filed a Motion for Charging Order against Defendant Danny Tarkanian's interest in Tark, LLC, and the Tarkanian Family Limited Partnership ("TFLP"). (Doc. 5). No opposition to the motion was filed. The hearing scheduled for June 21, 2013 at 9:30 was vacated and the matter was taken under submission pursuant to Local Rule 230(g). Upon a review of the pleading, the motion is DENIED without prejudice.

## RELEVANT BACKGROUND

Vegas Diamond Properties, LLC ("VDP") borrowed $14.75 million dollars from La Jolla Bank, FSB ("LJB") to invest in a real estate development in Anza, California. Mr. Danny Tarkanian and his extended family personally guaranteed VDP's loan. VDP defaulted on the LJB loan as did the guarantors. FDIC-Receiver sued the guarantors for breach of guaranty in the United States District Court, Southern District of California. *Federal Deposit Insurance Corporation, as Receiver for La Jolla Bank, FSB v. Danny Tarkanian et al.*, Case No. 10-cv-0980 WQH (KSC) ( "Southern District case"). FDIC's Receiver's Motion for Summary Judgment was granted and judgment was entered against Danny Tarkanian on May 22, 2012 in the amount of $16,995.005.17. (Doc. 108). On November 26, 2012, leave to register the judgment in this district pursuant to 28 U.S.C. § 1963 was granted. (Doc. 159). [1]

FDIC-Receiver alleges that Danny Tarkanian is 10% owner of TARK, LLC which owns commercial real property in Fresno called the Blackhorse Center. Additionally, it is alleged that the TFLP owns a 43% share in TARK, LLC, and that Daniel Tarkanian & L.E. Tarkanian 1993 Irrevocable Trust owns 24.5% of TFLP. FDIC-Receiver has been unable to collect on the judgment to date and requests that a charging order be issued against Mr. Tarkanina's interest in TARK, LLC and TFLP. It also argues that TARK, LLC and TFLP should be subject to audit to ensure that the funds are properly distributed. FDIC-Reciever requests that the parties be ordered to meet and confer regarding an auditing system to ensure that payments are made.

## DISCUSSION

FDIC-Receiver brings this motion pursuant to Fed. R. Civ. P. 69(a) which directs courts to act in accordance with the state procedure of the state where it is located when executing a judgment. Fed. R. Civ. P. 69(a). When a money judgment is rendered against the partner or member personally, and not against a partnership or limited liability company, the partner's

---

[1] The Court grants FDIC-Receiver's request to take judicial notice of the docket entries of the Southern District case. A court may take judicial notice of records in another case. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines, Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004)

interest may be reached by a charging order under California Code of Civil Procedure § 708.310 which provides as follows :

> If a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15673, 16504, or 17302 of the Corporations Code.

C.C.P. § 708.310

  Although granting of the motion appears to be authorized by the above statute, and no opposition to the motion has been filed, the motion will not be granted at this time for two reasons. First, the Court is not satisfied that this motion was properly served. FDIC-Receiver served the attorneys of record for the defendants, counterclaimants and the third party plaintiffs in the Southern District case. Specifically, the proof of service indicates that Gus Flangas and Kim Price of the Flangas McMillain Law Group were served with this motion via e-mail and by regular mail. (Doc. 5-3, pg. 1). While the Court takes judicial notice of the fact that these attorneys represent Danny Tarkanian in the Southern District case, there is no indication that their representation continues in this action. Additionally, the Court questions the validity of the proof of service since it also indicates that the motion was served on these attorneys pursuant to the Court's CM-ECF system. However, since no attorney has made an appearance in this district, the attorneys would not have received electronic notification that the motion was filed in the instant case. Further, Mr. George Tarkanian was not served. Since it is unclear whether Mr. Flangas or Ms. Price represent Mr. Tarkanian in this matter, the Court is not convinced that Mr. Tarkanian was properly served with this motion.

  Additionally, pursuant to California Civil Procedure § 708.320, a lien on a judgment debtor's interest in a partnership or LLC is created by service of a notice of motion for a charging order on the judgment debtor and either (1) all partners or the partnership, or (2) all members or the LLC. C.C.P. § 708.320(a). FDIC-Receiver has submitted no proof that the partnerships and/or members of the partnership or the LLC were served with the motion pursuant to this provision. Given the judgment in this case is worth over $16 million dollars, the Court will not

issue a charging order until the judgment debtor, the partnerships and the LLC are properly served under California law.

Finally, in the motion, FDIC-Receiver requests that an auditing system be put in place so that collection efforts are not frustrated. FDIC-Receiver is directed to provide additional legal authority in support of the request, as well as provide information regarding how this auditing system will be funded, and how FDIC-Receiver envisions that it will function.

## CONCLUSION

Based on the above, FDIC-Receiver's Motion for a Charging Order is DENIED WITHOUT PREJUDICE. Any future motion shall correct the above deficiencies.

IT IS SO ORDERED.

Dated: **July 11, 2013**                    **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE